**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS**

**LUFKIN DIVISION**

| | |
|---|---|
| **D.J., AN INDIVIDUAL,**<br><br>Plaintiff,<br><br>vs.<br><br>**G6 HOSPITALITY PROPERTY LLC,**<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff D.J. by and through the undersigned counsel and respectfully submits her complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by D.J. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was the hotel owner and hotel operator of the subject hotel premises, operating as Motel 6, located at 2300 Cleveland Ave. N, Roseville, MN 55113 ("Roseville Hotel"), during the relevant time period, and as such was responsible for the subject hotel during the time period Plaintiff was sex trafficked on said premises.

3. Defendant was the owner and operator of the Roseville Hotel located at 2300 Cleveland Ave. N, Roseville, MN 55113 during the relevant time periods. Defendant G6

HOSPITALITY PROPERTY LLC held ownership of the subject property until March 30, 2022, as reflected in Ramsey County property records, and was the owner and operator of record during the entirety of Plaintiff's trafficking from August 2019 through August 2020.

4. Plaintiff was trafficked at 2300 Cleveland Ave. N, Roseville, MN 55113 from August 2019 through and inclusive of August 2020.

5. During the relevant time period, Defendant was owner and operator of the subject premises.

6. Plaintiff was born on August 23, 2002.

7. Plaintiff meets the definition of a sex trafficking victim under the TVPRA. Plaintiff was trafficked at the Roseville Hotel from August 2019 through and inclusive of August 2020 — a period spanning approximately one year. Plaintiff was sixteen (16) years old — a minor — when her trafficking commenced in August 2019, and remained a minor through August 22, 2020, turning eighteen (18) years old on August 23, 2020. Under 18 U.S.C. § 1591(a), the sex trafficking of a minor does not require proof of force, fraud, or coercion; the causing of a minor to engage in a commercial sex act is sufficient. Accordingly, no showing of force, fraud, or coercion is required with respect to the substantial period of Plaintiff's trafficking during which she was a minor. During the entirety of her trafficking, Plaintiff was further subjected to physical violence, threats, and coercion by her traffickers.

8. As a hotel owner and hotel operator of the subject property, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

9. The passage of the TVPA in 2000 and the passage of the TVPRA in 2008 as well as numerous other legislative initiatives, put the Defendant on notice of the high likelihood of these illegal acts occurring on the subject hotel premises which, at a minimum, warranted them to be all the more vigilant and proactive in preventing this conduct.

10. Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking. By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA) and ECPAT-USA and via other resources.

11. Section 1591 of the TVPRA criminalizes sex trafficking by force, fraud or coercion, and separately and independently criminalizes the sex trafficking of minors, without any requirement of force, fraud, or coercion. See 18 U.S.C. § 1591. The TVPRA defines a "minor" as any person under the age of 18 years. 18 U.S.C. § 1591(e)(3). Because Plaintiff was sixteen (16) years old when her trafficking commenced, and remained a minor throughout nearly the entirety of her trafficking, the heightened protections applicable to minor victims under the TVPRA apply. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. §1595(a). More

specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

## PARTIES

12. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

13. Plaintiff is currently a resident of Minnesota.

14. At all times relevant and material, Defendant owned and operated a hotel doing business as Motel 6 at 2300 Cleveland Ave. N, Roseville, MN 55113, and was authorized to do, licensed to do, and was doing business in the aforesaid State offering the subject hotel as a place of public lodging.

15. The principal place of business of Defendant is 4001 International Pkwy, Carrollton, TX 75007.

## JURISDICTION AND VENUE

16. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and/or Defendant conducts business within this District pursuant to 28 U.S.C. § 1391(b).

18. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is located at 4001 International Pkwy, Carrollton, TX 75007 within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

19. As the hotel owner and hotel operator during the relevant time period for the subject property, Defendant G6 HOSPITALITY PROPERTY LLC, (headquartered at 4001 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas), controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

## CAUSE OF ACTION

## VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

20. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against Defendant.

21. At all relevant times, Defendant, as owner and operator of the subject hotel, was involved in the staffing and operation of Defendant's subject hotel where Plaintiff was trafficked for sex during the relevant aforesaid time periods.

22. Plaintiff was trafficked by her traffickers, individuals known to her as "John John" and "Hassan," both males in their mid-thirties, who together operated a commercial sex trafficking and drug dealing enterprise at the subject hotel premises. Plaintiff was sixteen (16) years old when recruited by her traffickers. At the time she was first approached, Plaintiff was homeless and in a vulnerable condition; "John John" targeted Plaintiff by offering to provide her with housing and assistance. Plaintiff's traffickers also actively sold and distributed controlled substances, including methamphetamine and GHB, at the subject hotel.

23. Plaintiff is a transgender woman. Plaintiff's traffickers exploited her gender identity and her vulnerability as a transgender individual in recruiting and maintaining control over her. Plaintiff's traffickers advertised her for commercial sex acts on online platforms including Grindr and Sniffies, targeting male sex buyers.

24. Rooms were rented by the traffickers or at the direction of the traffickers at the Roseville Hotel and used for the sex trafficking of the Plaintiff. The traffickers rented rooms at the subject hotel in recurring stays of approximately three to seven days at a time throughout the trafficking period of August 2019 through August 2020. Upon information and belief, the traffickers received a discounted room rate from Defendant's hotel staff at the subject hotel, which constituted a direct financial benefit conferred by Defendant's staff upon the

traffickers and further evidences Defendant's knowing participation in and benefit from the trafficking venture.

25. Discovery will inform whether the traffickers, (or individuals at the traffickers' direction), booked rooms at the subject hotel that were used for the sex trafficking of the Plaintiff in violation of the TVPRA:

    a. Under the registrant's proper legal name or a false name;

    b. Whether cash, prepaid card, debit card or credit card was used at the time of respective booking or renewal; and

    c. Whether staff of Defendant required for each booking that the renter show their identification.

26. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotel by receiving payment for the rooms rented by her traffickers (or at the direction of her traffickers) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA during the aforesaid relevant time periods. Upon information and belief, Defendant further benefited by providing a discounted room rate to Plaintiff's traffickers, a benefit that was extended with knowledge of or willful blindness to the sex trafficking being conducted on the premises.

27. Defendant rented rooms at the subject hotel to individuals it knew or should have known were engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

28. Plaintiff's traffickers used proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

29. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur, as Plaintiff was advertised by her traffickers online through Grindr, Sniffies, and other websites and applications, and from such Wi-Fi service Defendant, upon information and belief, received financial benefit.

30. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's traffickers that violated the TVPRA as to the Plaintiff herein.

31. Operating hotels and renting out rooms is an enterprise involving risk and potential profit.

32. Defendant operating the subject hotel and renting out rooms to Plaintiff's traffickers was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

33. Defendant G6 HOSPITALITY PROPERTY LLC's association with the Plaintiff's sex traffickers was a venture because Plaintiff's traffickers had prior commercial dealings with said Defendant at the subject hotel premises by means of rooms repeatedly rented by the traffickers (or at the direction of the traffickers) during the time period of Plaintiff's trafficking, which Defendant knew, or should have known, were being used for the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

34. Defendant's repeated rental of rooms to Plaintiff's traffickers (or individuals renting at the direction of the traffickers) at the subject hotel was not a standard arm's length

transaction, but rather the repeated room rental transactions which occurred during the time that Plaintiff was trafficked at the subject hotel were colored by overt indicators of sex trafficking such that Defendant knew, or should have known, that Defendant was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

35. A continuous business relationship existed between Defendant's hotel, its agents, employees and staff, and Plaintiff's traffickers' sex trafficking business, in part, in that Defendant provided assistance, support, or facilitation to the Plaintiff's traffickers at the subject hotel by repeatedly renting rooms to individuals they knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

36. Defendant knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment for the rooms rented by Plaintiff's traffickers (or at the direction of her traffickers) at the subject hotel that were used for sex trafficking, including as to the Plaintiff, during the aforesaid relevant time periods.

37. Defendant participated in a venture by operating the subject hotel and renting rooms to individuals that said Defendant knew or should have known were involved in sex trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

38. Defendant participated in a venture that said Defendant knew or should have known was trafficking Plaintiff at Defendant's hotel in violation of the TVPRA.

39. This Defendant knew or should have known that the undertaking or venture violated the TVPRA as to the Plaintiff.

40. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's subject hotel, including as to the Plaintiff, a minor victim, due to the many red flags then and there existing, including but not limited to:

a. Plaintiff was a minor — sixteen (16) years old at the outset of her trafficking — and her traffickers were adult males in their mid-thirties. The visible age disparity between Plaintiff and her traffickers, observable to Defendant's staff during their regular interactions with Plaintiff and her traffickers on the subject premises, was itself a red flag of exploitation;

b. Plaintiff was homeless and in a vulnerable condition when she was recruited by her traffickers, and her circumstances of vulnerability were observable to and known or should have been known by Defendant's staff;

c. Rooms at the subject hotel were rented by the traffickers on a recurring basis in stays of approximately three to seven days at a time throughout a period of approximately one year, paid for in a manner consistent with a commercial sex trafficking operation;

d. Upon information and belief, Defendant's staff extended a discounted room rate to Plaintiff's traffickers, which is consistent with a pattern of accommodation of and complicity in the trafficking venture;

e. Housekeeping staff at the subject hotel observed and should have reported signs of illegal drug use and commercial sex activity in the rooms rented by Plaintiff's traffickers, including but not limited to condoms, condom wrappers, drug

paraphernalia, methamphetamine pipes, and controlled substances, including methamphetamine and GHB, in plain view inside the rented rooms;

f. Defendant's staff heard and should have reported screaming and loud disturbances emanating from the rooms rented by the traffickers at the subject hotel during nighttime hours, consistent with the physical abuse and coercion of a trafficking victim;

g. Plaintiff exhibited visible signs of physical abuse when present at the subject hotel, including visible bruising and physical injuries observable to Defendant's staff as she went to and from the hotel rooms. Plaintiff's trafficker "John John" was physically abusive toward Plaintiff, armed with a firearm, and would forcibly grip Plaintiff's arm when outside the hotel room, all in plain view or in areas accessible to and observable by Defendant's staff;

h. Plaintiff's traffickers arranged for sex buyers to come directly to the hotel rooms and Plaintiff did not solicit buyers on the hotel premises; the constant foot traffic of sex buyers to and from the rented rooms was observable to and should have been recognized by Defendant's staff as consistent with a commercial sex trafficking operation;

i. Plaintiff was actively advertised for commercial sex acts on Grindr, Sniffies, and other online platforms by her traffickers using Wi-Fi provided by Defendant's hotel;

j. Other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

41. Defendant's staff at the subject hotel witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 40 above.

42. When being trafficked at the Roseville Hotel from August 2019 through and inclusive of August 2020, Plaintiff — who was a minor at the commencement and throughout nearly the entirety of her trafficking — interacted with Defendant's staff on a frequent basis, and Defendant's staff witnessed and observed Plaintiff, her traffickers, as well as other indicators of trafficking occurring on the subject premises.

43. Plaintiff knows that some of the individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

44. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking as a minor when at the subject hotel and suffering personal injury and the trauma physically and mentally of being subjected to commercial sexual exploitation, physical violence, armed threats, forced drug use, and chronic abuse during the period of her trafficking.

45. This Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the

influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guest's behavior reasonably disturbs other guests (7) guest violates other rules set by the hotel and (8) for other indicated reasons.

46. Plaintiff being sex trafficked at Defendant's subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as a minor as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, PTSD, and ongoing struggles with substance abuse, which in turn affect daily functioning.

47. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at the hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's subject hotel in violation of the TVPRA.

48. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. §1591.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a. All available compensatory damages for the described losses with respect to the above cause of action;
b. Past and future emotional distress;
c. Consequential and/or special damages;
d. All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;
e. Physical pain and suffering;
f. Disgorgement of profits obtained through unjust enrichment;
g. Restitution;
h. All damages allowable under the TVPRA;
i. Reasonable and recoverable attorney's fees;
j. Punitive damages with respect to each cause of action;
k. Costs of this action; and
l. Pre-judgment and all other interest recoverable.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: March 16, 2026

RESPECTFULLY SUBMITTED,

/s/ Jason Byrd
**Jason Byrd**
THE BYRD LAW FIRM
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

/s/ Randolph Janis
**Randolph Janis, Esq.**
DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

/s/ Chloe Makowsky
**Chloe Makowsky, Esq.**
DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

Attorneys for Plaintiff